UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES C. BROWN,

              Petitioner,

v.                                  Case No. 3:05-cv-1317-J-12TEM

JAMES R. MCDONOUGH, etc.;
et al.,

              Respondents.

**ORDER**

**I. Status**

Petitioner Charles C. Brown, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on December 8, 2005. Petitioner challenges a 2000 state court (Osceola County, Florida) revocation of probation on one ground: the ineffective assistance of counsel. The underlying convictions were two counts of attempted sexual battery.

On February 20, 2006, Respondents filed a Response to Petition (Doc. #8) (hereinafter Response). Petitioner's Traverse to Response to Petition was filed March 8, 2006 (Doc. #10). See the Court's Order (Doc. #7).

## II. Procedural History

Petitioner Charles C. Brown was charged by information, filed on September 12, 1991, with two counts of sexual battery. Ex. A.[1] Petitioner pled guilty to the reduced charges of attempted sexual battery, was adjudicated guilty and sentenced to two years, followed by one year of community control followed by five years of probation. Ex. R, Transcript of Plea; Ex. B; Ex. C.

On direct appeal, an Anders[2] brief was filed raising two issues:

> ISSUE I[:]
>
> WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S PRO SE MOTION TO WITHDRAW GUILTY PLEA?
>
> ISSUE II[:]
>
> WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS COUNSEL?

Ex. E at i.

The Fifth District Court of Appeal affirmed the convictions per curiam on September 9, 1997. Ex. F. The mandate issued on September 26, 1997. Ex. G.

An affidavit of violation of probation was filed on December 8, 1999, and two violations were charged:

---

[1] The Court hereinafter refers to Respondents' Exhibits (Doc. #9), filed February 21, 2006, as "Ex."

[2] Anders v. California, 386 U.S. 738 (1967).

2

> **VIOLATION OF CONDITION (9):** IN THAT, THE PROBATIONER HAD FAILED TO REPORT TO HIS SUPERVISING PROBATION OFFICER EDDIE PEDROZA BY THE 5TH OF DECEMBER, 1999. HE HAD MADE NO CONTACT WITH HIS OFFICER TO JUSTIFY HIS FAILURE TO REPORT AS PER INSTRUCTIONS.
>
> **VIOLATION OF CONDITION (11):** IN THAT, THE PROBATIONER HAD CHANGED HIS TEMPORARY RESIDENCE AS OF 11/22/99 AND FAILED TO NOTIFY HIS OFFICER EDDIE PEDROZA AS TO THAT INTENT. THE PROBATIONER WAS APPROVED TO RESIDE AT 509 W. VERONA STREET, KISSIMMEE, FLORIDA (THE KISSIMMEE TOWN HOUSE) FOR THREE (3) TO FIVE (5) DAYS, BEGINNING 11/12/99 THEN TO RETURN TO HIS PERMANENT RESIDENCE AT 1007 JUNE STREET, KISSIMMEE, FLORIDA, BUT THIS HE FAILED TO DO, AND HAD PROCEEDED TO RESIDE ABOUT AN UNKNOWN LOCATION.

Ex. H. A hearing was conducted, Ex. I, and Petitioner was found to be in violation of conditions nine and eleven of his probation. The trial court said:

> I THINK HE'S IN VIOLATION OF CONDITIONS 9 AND 11. HE WAS TOLD TO BE THERE FOR A CERTAIN PERIOD OF TIME AND HE WASN'T, AND THEY DIDN'T KNOW WHERE HE WAS FROM 11/22 UNTIL 12/6. IT'S ENCOURAGING THAT HE RUSHED DOWN THERE MONDAY MORNING, BUT HE SHOULD HAVE BEEN THERE WEDNESDAY, THURSDAY, FRIDAY AND HE WASN'T. MR. BROWN JUST CHOSE TO GO IN WHENEVER HE CHOSE TO DO SO.

Ex. I at 84.

Petitioner was adjudicated guilty and sentenced to thirty years. Ex. J. He appealed, Ex. K, claiming the trial court erred in finding he violated his probation. Ex. L. The Fifth District Court of Appeal affirmed per curiam on February 13, 2001. Ex. M. The mandate issued on March 2, 2001. Ex. N.

On February 18, 2001, Petitioner filed a Rule 3.800(a) motion to correct illegal sentence. Ex. O. The motion was denied on June 19, 2002. Ex. P. Petitioner appealed. Ex. Q. The Fifth District Court of Appeal affirmed the denial of the Rule 3.800 motion on October 4, 2002. Ex. S. The mandate issued on October 23, 2002. Ex. T.

On April 12, 2001, Petitioner filed his first motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850 raising one ground: the trial court erred in sentencing Petitioner for attempted sexual battery well in excess of his agreement for reduced degrees of third degree felonies. Ex. U at 6. The state responded. Ex. V. The motion was denied by the trial court on June 19, 2002. Ex. W. Petitioner appealed. Ex. X. On September 24, 2002, the Fifth District Court of Appeal affirmed per curiam. Ex. Y. The mandate issued on October 11, 2002. Ex. Z.

Petitioner's second Rule 3.850 motion was filed on September 12, 2002. Therein, Petitioner claimed he received the ineffective assistance of counsel in the probation violation proceeding. Ex. AA. The state responded. Ex. BB. An evidentiary hearing was conducted on November 24, 2003. Ex. CC. The trial court denied the motion January 22, 2004. Ex. DD. Petitioner appealed. Ex. EE. Briefs were filed. Ex. FF. The Fifth District Court of Appeal affirmed the denial of the second Rule 3.850 motion per curiam on May 6, 2005, stating:

> AFFIRMED. See <u>Thomas v. State</u>, 838 So.2d 535 (Fla. 2003) stating that as long as a trial court's findings are supported by competent substantial evidence, an appellate court will not substitute its judgment for that of the trial court on questions of fact; likewise it will not substitute its judgment for the trial court's on the credibility of the witnesses as well as the weight to be given to the evidence by the trial court); <u>Blanco v. State</u>, 702 So.2d 1250 (Fla. 1997).

Ex. GG.

Petitioner moved for rehearing. Ex. HH. Rehearing was denied on June 7, 2005. Ex. II. The mandate issued on June 24, 2005. Ex. JJ.

### III. Evidentiary Hearing

A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. <u>Smith v. Singletary</u>, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); <u>Cave v. Singletary</u>, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing <u>Townsend v. Sain</u>, 372 U.S. 293 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. <u>Smith</u>, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. See <u>High v. Head</u>, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing <u>McCleskey v. Zant</u>, 499 U.S. 467, 494

(1991)), cert. denied, 532 U.S. 909 (2001).  The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## IV.  Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA.  Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)."  Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> First, § 2254(e)(1) sets a deferential standard of review for factual determinations made by a state court, stating that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1303 (11th Cir. 2005),

6

>   cert. denied, — U.S. —, 126 S.Ct. 2356, 165 L.Ed.2d 283 (2006).
>
>   Second, § 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. See id. at § 2254(e)(1). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v.

7

Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

### V. Ineffective Assistance of Counsel

Petitioner has raised a claim of ineffective assistance of counsel. As noted previously, the standard of review to be applied is that found in AEDPA. As explained by the Supreme Court of the United States:

> Under 28 U.S.C. § 2254, [Petitioner's] entitlement to federal habeas relief turns on showing that the state court's resolution of his claim of ineffective assistance of counsel under Strickland v. Washington, supra, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1). An "unreasonable application" occurs when a state court "'identifies the correct governing legal principle from this

8

> Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, supra, at 520, 123 S.Ct. 2527 (quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'CONNOR, J.)). That is, "the state court's decision must have been [not only] incorrect or erroneous [but] objectively unreasonable." Wiggins v. Smith, supra, at 520-521, 123 S.Ct. 2527 (quoting Williams v. Taylor, supra, at 409, 120 S.Ct. 1495 (internal quotation marks omitted)).
>
> Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice, 466 U.S., at 687, 104 S.Ct. 2052, with performance being measured against an "objective standard of reasonableness," id., at 688, 104 S.Ct. 2052, "under prevailing professional norms." Ibid.; Wiggins v. Smith, supra, at 521, 123 S.Ct. 2527.

Rompilla v. Beard, 545 U.S. 374, 380 (2005).

The United States Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" Wiggins v. Smith, 539 U.S. 510, 521 (2003) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

The Eleventh Circuit has expounded upon the deference due to counsel's performance as well as to the state court's decision concerning that performance:

> In assessing [Petitioner's] claim that his trial counsel were ineffective we must keep in mind that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689, 104 S.Ct. at 2065. In addition to the deference to counsel's

9

> performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision. <u>Woodford</u>, 537 U.S. at 24, 123 S.Ct. at 360 (section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings") (internal marks and citation omitted). [Petitioner] must do more than satisfy the <u>Strickland</u> standard. He must also show that in rejecting his ineffective assistance of counsel claim the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Bell v. Cone</u>, 535 U.S. 685, 699, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).

<u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 544 U.S. 982 (2005).

The Eleventh Circuit explained the substantial burden of proving an unreasonable performance by counsel:

> The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one. <u>See</u> <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). In order to establish deficient performance, the petitioner must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). The court's review of counsel's performance should focus on "not what is possible or what is prudent or appropriate, but only [on] what is constitutionally compelled." <u>Chandler</u>, 218 F.3d at 1313 (quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987)). The court's review of counsel's performance must be highly deferential, and the court must avoid second-guessing counsel's performance. <u>See</u> <u>Strickland</u>, 466 U.S. at 689,

10

>     104 S.Ct. at 2065.  For a petitioner to show
>     deficient performance, he "must establish that
>     no competent counsel would have taken the
>     action that his counsel did take."  Id.

Osborne v. Terry, 466 F.3d 1298, 1305-06 (11th Cir. 2006), petition for cert. filed (U.S. May 10, 2007) (No. 06-11285).

## VI. Findings of Fact and Conclusions of Law

In ground one, Petitioner claims his counsel was ineffective. Specifically, he claims that his probation violation counsel was ineffective in failing to investigate and/or call Paula Johnson, Betty Dollar, Diane Oliver, Vivian Brinson, Effie Regular, and Ernest Anderson to testify at the probation violation hearing. Petition at 14.  He further asserts that counsel's performance was deficient because she failed to elicit testimony from Petitioner at his probation violation hearing that was brought forth in the evidentiary hearing.  Id.  These claims of ineffectiveness were raised in the second Rule 3.850 motion.[3]

The circuit court, after an evidentiary hearing where Petitioner was represented by post-conviction counsel, held:

>     Defendant was arrested for a violation of
>     his probation on December 10, 1999.  After a
>     hearing on June 6, 2000, Defendant was found
>     to have violated conditions 9 and 11 of his
>     probation.  He was sentenced to concurrent
>     terms of 30 years in the DOC with credit for

---

[3] Although Petitioner presented five claims of ineffective assistance of counsel in his second Rule 3.850, he pursues only portions of the first two claims of ineffective assistance of counsel in his Petition in ground one.  Petition at 8.  See Ex. AA.

11

910 days time served. The Fifth DCA per curiam affirmed on February 13, 2001. <u>Brown v. State</u>, 781 So.2d 1100 (Fla. 5th DCA 2001).

In the instant motion, Defendant raises five grounds for postconviction relief, each alleging the ineffective assistance of counsel. In order to state a valid claim for relief on this basis, a defendant must first identify particular acts or omissions by counsel that are shown to be outside the broad range of reasonable assistance under prevailing professional standards. <u>See Strickland v. Washington</u>, 466 U.S. 668 (1984). Second, he must demonstrate prejudice, i.e., that a reasonable probability exists that, but for counsel's error, the result in the case would have been different. <u>See id</u>. at 694. The Court will consider each claim separately to determine whether postconviction relief is warranted.

<u>Ground I</u>: Defendant contends that counsel was ineffective for failing to investigate and/or call several witnesses to testify at his violation of probation hearing. He contends that these witnesses would have established that he had not willfully and substantially violated the conditions of his probation by testifying that Defendant:

> (a) was staying at his approved place of residence from November 22, 1999 to December 1, 1999;
>
> (b) was living in a shed behind his sister's house, and that his probation officer Eddie Pedroza was informed of his whereabouts during this period;
>
> (c) was unable to report on either of the first two days of December 1999 because he was in the hospital;
>
> (d) was unable to report on December 3, 1999 because of circumstances beyond his control; and

12

>     (e) could not, nor was expected to, report on the fourth or fifth day of December because those were not weekdays and the probation office was closed.

In order for counsel to be found ineffective for failing to call a witness, a defendant must state with particularity the identity of the alleged witness, the content of the expected testimony, and an explanation as to how the omission of this evidence prejudiced the outcome of the trial. See Highsmith v. State, 617 So.2d 825 (Fla. 1st DCA 1993).

After considering the testimony of several witnesses whom Defendant contends should have been called to testify at this VOP hearing, the allegations contained in Defendant's motion, and the affidavits attached thereto, the Court concludes that Defendant has failed to establish prejudice sufficient to warrant postconviction relief.

The Court first notes that much of the testimony offered at the evidentiary hearing was simply inconsistent with the allegations contained in Defendant's motion with respect to the proposed testimony of several witnesses. For instance, Paula Johnson, whom Defendant stated had knowledge that he was living in the shed behind his sister's house during the last days of November 1999 because she had brought him food to eat on various occasions, testified at the evidentiary hearing that she had only heard through other people that Defendant was living in the shed. In addition, Betty Dollar, whom Defendant claims would have testified to speaking with a nurse at Lakeside Alternatives, testified at the evidentiary hearing that she had dropped Defendant off at the hospital on December 1, 1999, but never mentioned speaking with a nurse.

Also important to this Court's analysis is the fact that Defendant's postconviction

13

counsel was unable to obtain medical records to establish that Defendant was actually admitted to Lakeside Alternatives during the dates he alleges. The inability to obtain such records severely undermines Defendant's credibility and leads this Court to conclude that he was likely not a patient at the hospital on the first two days of December 1999, as he claims. Such a conclusion is consistent with the testimony offered by Betty Dollar and Paula Johnson, neither of whom testified to observing Defendant actually being admitted to the hospital.

When the remaining allegations are viewed in light of the facts outlined above, the Court concludes that counsel was not ineffective for failing to call additional witnesses at the VOP hearing. After disregarding the inconsistent allegations made by Defendant, what remains are witnesses who may have been able to establish that Defendant was living in a shed behind his sister's house during the latter part of November and early portion of December 1999. Although additional witnesses may have ben helpful to the defense with respect to the violation of condition 11 (failure to remain at approved place of residence), there was insufficient testimony and evidence presented at the evidentiary hearing to convince this Court that a viable defense existed with respect to Defendant's violation of condition 9 (failure to report by December 5, 1999). Accordingly, Defendant's claim for relief on this ground must be denied.

Ground II: Defendant asserts that counsel was ineffective for failing to properly question him when he testified at the VOP hearing. Defendant argues that he should have been asked questions regarding his hospitalization and should have been allowed to explain the reason for being unable to report to the probation office in a timely manner.

14

> After considering Defendant's testimony at the evidentiary hearing, the Court concludes that counsel's failure to elicit further information regarding the circumstances leading up to Defendant's alleged violation did not prejudice the defense. Further testimony on the part of Defendant would not have compelled the Court to find that the violations were not willful and substantial. Indeed, in light of the inconsistencies between the allegations contained in the instant motion and the evidence actually presented at the evidentiary hearing (*see* ground I), the Court concludes that further testimony by Defendant would likely have had no impact on the Court's finding of a willful and substantial probation violation. Accordingly, no relief on this ground is warranted.

Ex. DD at 111-15. The decision was per curiam affirmed with an opinion filed by the appellate court. Ex. GG.

The decisions of the trial court and the Fifth District Court of Appeal are entitled to deference under AEDPA. The adjudication of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground one because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

15

## VII. Conclusion

Any other claims not specifically addressed are found to be without merit. Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of August, 2007.

HOWELL W. MELTON
United States District Judge

sa 7/24
c:
Charles C. Brown
Ass't A.G. (Heidt)
Ass't A.G. (Wilson)